IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARVIN JAMES STROHSCHEIN, JR.,

    Plaintiff,

v.                                           CIV 07-0749 WJ-GBW

UNIVERSITY OF NEW MEXICO
SCHOOL OF MEDICINE, et al.,

    Defendants.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff Strohschein's Response to Order to Show Cause.  *Doc. 8*.

### Background

Strohschein filed his Complaint on August 3, 2007.  *Doc. 1.*  He sought damages and equitable relief arising out of 42 U.S.C. §§ 1983, 1988, and additional relief under various common law claims based in breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with existing contractual relations, intentional infliction of emotional distress, civil conspiracy and prima facie torts.  *Id. at 16-23.*  Unfortunately, Strohschein failed to effectuate service on any of the Defendants

within 120 days as required by Federal Rule of Civil Procedure 4(m).  On May 27, 2009, I issued an Order to Show Cause instructing Strohschein to demonstrate to the Court why this case should not be dismissed.  *Doc. 7.*  As of May 27, 2009, the deadline for service, which was December 3, 2007, had passed by more than 540 days.  Strohschein responded to this Order on June 12, 2009, conceding that "good cause" under Rule 4(m) was not present in this case.  *Doc. 8.*  Nonetheless, Strohschein requested that this Court enter an Order allowing him another 30 days to effect service of process upon Defendants.  *Id. at 8.*  Having considered the arguments, pleadings and relevant law, the Court recommends this case be dismissed without prejudice for failure to timely serve Defendants as required by FED. R. CIV. P. 4.[1]

## Analysis

Rule 4(m) of the Federal Rules of Civil Procedure provides:

Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to

---

[1] In his Response, Strohschein references Federal Rule of Civil Procedure 41, case law applying that Rule and the local rule promulgated under that Rule.  I recommend dismissing this Complaint for failure to effect service under Federal Rule of Civil Procedure 4.  Thus, the requirements under Local Rule 41 are inapplicable and the case law discussing dismissals pursuant to Federal Rule of Civil Procedure 41 is of limited relevance. *See Smith-Bey v. Cripe*, 852 F.2d 592 (D.D.C. 1988) (explaining that two rules can both apply where a plaintiff fails to serve the complaint in a timely fashion but are distinct bases of dismissal).  Specifically, the criteria discussed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), referenced by Strohschein, are not applicable to dismissals based on Rule 4.  Instead, the analysis for a Rule 4 dismissal is set out below.

> the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Under this rule, the court employs a two-step analysis. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, a plaintiff is entitled to a mandatory extension of time with a showing a good cause. *Id.* Second, if the plaintiff fails to show good cause, the court exercises its discretion to decide whether to dismiss the case without prejudice or extend the time for service. *Id.*

"Good cause" under Rule 4 is construed "narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (quotation omitted). Specifically, "inadvertence and negligence alone do not constitute 'good cause' for failure of timely service." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). In the instant case, Strohschein presents no facts which demonstrate "good cause," and, apparently, concedes that none exist. *Doc. 8 at 6-7.*

Given that Strohschein is unable to show good cause, the Court now must turn to exercising its discretion in determining whether to grant a permissive extension or dismiss the complaint without prejudice. *See Espinoza*, 52 F.3d at 841. Other courts have pointed to a number of nonexclusive factors to consider when exercising this discretion: (1) if the applicable statute of limitations would bar the refiled action, *Id.* at

842; *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *Boley v. Kaymark*, 123 F.3d 756, 758-59 (3d Cir. 1997); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995); (2) whether the plaintiff is dealing with the complicated service required when suing the United States, *Espinoza*, 52 F.3d at 842; (3) whether the plaintiff is *pro se*, *Id.*; *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006); *Efaw*, 473 F.3d at 1041; (4) whether plaintiff has been incarcerated, *Bogle*, 470 F.3d at 509; (5) whether the defendant has evaded service, *Efaw*, 473 F.3d at 1041; (6) whether defendant had actual notice of lawsuit, *Id.*; (7) length of the delay, *Id.*; and (8) prejudice to the defendant, *Id.*; *Boley*, 123 F.3d at 759.  As described below, application of these factors to the instant case leads me to recommend dismissal without prejudice of Strohschein's Complaint:

(1) <u>Statute of Limitation</u>:  The only factor which weighs in favor of an extension of time as opposed to a dismissal is that, according to Strohschein, the statute of limitations would act to bar most, if not all of his stated and potential claims.  *Doc. 8 at 6*.  Generally, the "running of statute of limitations is a factor supporting the discretionary granting of an extension of time to make service under Rule 4(m)."  *Boley*, 123 F.3d at 759.  Of course, this fact alone does not require that an extension be granted, but is only one factor to consider.  *See Petrucelli*, 46 F.3d at 1306 n.7 (cautioning that requiring extension of time if statute of limitations has run "would effectively eviscerate Rule 4(m) and defeat the purpose and bar of statutes of repose."); *see also Boley*, 123 F.3d

at 759.

(2) <u>Ease of Service</u>:  Strohschein sued a private entity and private individuals who should have been easily located.  This factor weighs against granting an extension.

(3) <u>Representation of Plaintiff</u>:  From the filing of the Complaint until now, Strohschein was represented by counsel and therefore did not suffer the disadvantages of proceeding *pro se*.  This factor weighs against granting an extension.

(4) <u>Liberty Status of Plaintiff</u>:   At no time from the filing of the Complaint until now was Strohschein incarcerated and therefore did not suffer the disadvantages of such status.  This factor weighs against granting an extension.

(5) <u>Evasion by Defendants</u>:  Strohschein concedes that Defendants never attempted to evade service.  *Doc. 8 at 6*.  This factor weighs against granting an extension.

(6) <u>Actual Notice to Defendants</u>:  Strohschein makes no argument that Defendants somehow actually knew of the Complaint despite the failure to effect service.  This factor weighs against granting an extension.

(7) <u>Length of Delay</u>:  The delay in effecting service has been extraordinarily long.  As of the date of the order to show cause, service of the Complaint was more than 540 days overdue.  An extension of another 30 days would be granting an extension of almost 600 days from the deadline established in Rule 4.  *Cf. Bogle*, 470 F.3d at 508-09

(finding a more than 600-day extension not consistent with "an appropriate period."). This factor weighs against granting an extension.

(8) <u>Prejudice to Defendants</u>: Strohschein's claims and Defendants' defenses will revolve in substantial part around a number of conversations and emails which date back to July 2004. Commonsense tells us that memories of the salient details from those conversations and even electronic records disappear over time. In fact, such concerns form a significant basis for the policy behind statutes of limitations. *See* 51 AM. JUR. 2D *Limitation of Actions* § 15 (2008). Defendants, therefore, would be prejudiced by the granting of such a long extension of time for service. Such an extension would serve to effectively extend the statutes of limitation a great deal as a consequence of Strohschein's failure to comply with the Rules. This factor weighs against granting an extension.

## Conclusion

Strohschein has not demonstrated good cause which would require granting the requested extension of time to effect service. Consequently, this Court must exercise its discretion to decide whether to dismiss the Complaint without prejudice or grant the extension. A review of factors relevant to the exercise of this discretion reveals that only one of the factors support the granting of the extension. The remaining factors universally and strongly support dismissing the Complaint without prejudice.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

The Complaint be dismissed without prejudice for failure to effect service as required by Federal Rule of Civil Procedure 4.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE